**Dated: October 11, 2022**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

PATRICIA DIANE MASON,   Case No. 22-80414-PRT
                        Chapter 13

        Debtor.

ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

    Before the Court is Debtor Patricia Mason's Motion to Extend Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(B) (Docket Entry 6) and Trustee's Objection (Docket Entry 13). The Court held an evidentiary hearing on this motion on September 15, 2022. Mason appeared with her counsel and testified in support of her motion. The Standing Chapter 13 Trustee William Mark Bonney appeared to contest the motion. After reviewing the motion, the case file in this case, Mason's previous chapter 13 cases and considering the evidentiary record, the Court finds that the motion must be denied.

Background and Findings of Fact

Prior to filing this case on August 4, 2022, Mason has filed four bankruptcy cases:

   A. Case No. 06-80139: filed March 21, 2006. Plaintiff's counsel was Matthew Riggin. Dismissed February 25, 2009 for failure to make payments.

   B. Case No. 15-80791: filed July 24, 2015. Plaintiff's counsel was Matthew Riggin. Plan completed and discharge entered December 13, 2018.

   C. Case No. 20-80095: filed pro se February 7, 2020. Dismissed October 23, 2020 for failure to make plan payments.

   D. Case No. 20-81104: filed November 23, 2020. Plaintiff's counsel was Ron Brown. Dismissed April 27, 2022 for failure to make plan payments.

Mason's current case was filed August 4, 2022. Her current income consists of VA survivor benefits and her pension from the U.S. Postal Service. Schedule I reflects monthly income of $3,960.88.[1] Her Statement of Financial Affairs lists annual income for 2020 and 2021 as $47,530.56. She lists no mortgage payment on Schedule J but does list a foreclosure action from 2019 filed by Nationstar Mortgage LLC in Okmulgee County, Oklahoma, that has been concluded.[2] Schedule D lists her secured mortgage debt as $90,763.86, and values her home at $65,000.00.[3] On Schedule E/F, she lists unsecured priority tax claims of the Oklahoma Tax Commission of $277.53 for 2019 and $1,168.37 for 2020.[4]

Mason's most recent bankruptcy case, 20-81104 (dismissed on April 27, 2022), reflected monthly income of $3,728.00, no mortgage payment, the foreclosure action in Okmulgee County

---

[1] ECF No. 1, Schedule I, page 28- 29,
[2] ECF No. 1, Statement of Financial Affairs, page 35.
[3] ECF No. 1, Schedule D, page 19.
[4] ECF No. 1, Schedule E/F, page 21.

(pending when she filed bankruptcy in 2020), $0 secured debt on her home, home valuation of $55,000, and priority unsecured tax claims of the Oklahoma Tax Commission for 2018 totaling $3,135.75.[5] Her chapter 13 monthly plan payment was $1,000.00.[6]

Mason testified that she filed her current case to stop a foreclosure action on her home filed by her mortgage company. She got behind on her mortgage payments due to unspecified roof repairs that were not covered by insurance. She has resided in her home in Okmulgee, Oklahoma since December of 1971. Mason acknowledged that she has filed several chapter 13 bankruptcy cases and that she has trouble making her mortgage payments.

Mason's Motion to Continue the Automatic Stay states that emergency roof repairs of $2,000 caused the dismissal of her previous cases, preventing her from curing arrearages on her home mortgage. During her testimony, Mason elaborated on her circumstances, explaining that she was unable to keep up with her Chapter 13 plan payments in her previous case because of her daughter Charlotte's illness and eventual death on February 6, 2022. Charlotte always paid Mason's bills and assisted her financially. Because Mason worked 6-7 days a week until she retired in 2008, and Charlotte worked 5 days a week, Charlotte had more time and therefore handled all the household finances. Charlotte continued to manage Mason's household finances even after Mason's retirement. Charlotte became ill in November of 2021, as did Mason's granddaughter, and Mason cared for both women. Upon Charlotte's death, Mason was forced to manage her finances on her own.

Mason also testified that unexpected expenses to repair her home's roof caused her to get behind in her 2020 bankruptcy plan payments. These expenses were incurred in 2019 or 2020.

---

[5] Case No. 20-81104, ECF No. 1, Schedules D, E/F, I and J, and Statement of Financial Affairs.
[6] Case No. 20-81104, ECF No. 6.

Mason testified that the repairs totaled $2,000 and were not covered by insurance as she expected. However, Mason offered no receipts or other documentary evidence to support the amount or timing of these repairs.

Mason's proposed Chapter 13 plan is for a term of 60 months, with a total monthly plan payment of $900. This payment includes a $400.70 monthly mortgage payment for the entire plan term, and an arrearage payment of $307.69 beginning in month 9. Her plan lists her total mortgage arrearage as $16,000.[7] A wage order was entered on August 16, 2022, directing the Office of Personnel Management ("OPM") to make plan payments to the Trustee.[8] However, as of the hearing, no payments had been made to the Trustee pursuant to this Order. Until the OPM makes payments directly to the Trustee out of Mason's monthly pension, Mason has authorized plan payments to be automatically withdrawn from her bank account each month and paid to the Trustee. She believes that she will be able to successfully confirm and complete a plan in this bankruptcy.

Trustee advised the Court regarding Mason's payment history in her previous cases. She was employed by the U.S. Post Office during most of her first case, 06-80139. All plan payments were made by her employer and terminated upon her retirement after August of 2008.[9] Mason made no other payments, the case was dismissed, and Trustee filed his Final Report on April 20, 2009. Thereafter, Mason's home was in foreclosure until she filed her next case, No. 15-80791. Between dismissal of the 2006 case and her 2015 case, Mason's mortgage was modified twice, and her mortgage balance increased from $44,000 in 2000 when she obtained a home equity loan

---

[7] ECF No. 2. After this hearing, Mason filed an Amended Plan, ECF No. 27. This Plan also proposes a $900 monthly plan payment, with reduced amounts for the mortgage ($304.28) and arrearage payments ($267.65).
[8] ECF No. 18.
[9] Trustee's Exhibit A-1.

with her daughter Charlotte, to $100,175 when she filed her second chapter 13 case on July 24, 2015.[10] Her 2015 case was the only one in which she successfully completed her plan and received a discharge. Trustee's records reflect that Mason made no plan payments for more than eight months, although she had entered into an agreement with Trustee to make a payment by January 28, 2016 and remain current thereafter to avoid dismissal.[11] Mason made four plan payments in March of 2016 but ceased making payments for over six months.[12] The rest of her payments were made pursuant to a wage order directed to the OPM.[13] She completed her plan and her discharge was entered December 13, 2018.[14]

Mason's third and fourth chapter 13 cases were filed in 2020. Case No. 20-80095 was filed February 7, 2020, no plan was confirmed, and the case was dismissed for failure to make plan payments on October 23, 2020. The mortgage creditor's claim was $99,871.25.[15] Her fourth case, No. 20-81104, was filed shortly thereafter on November 23, 2020. As in her current case, Mason had to file a motion to extend the automatic stay.[16] No objections were filed so the court granted the Motion.[17] The mortgage creditor's claim was $103,451.17. A plan was confirmed with a monthly payment of $1,000. Mason made twenty payments by cashier's check or money order, in the amount of $500 or $1000 each, from January of 2021 through May of 2022.[18] No payments were made between June 2021 and November 2021. An Agreed Order was entered December 12,

---

[10] Trustee's Exhibits D (Mortgage Proofs of Claims) and E (Loan Modifications).
[11] Trustee's Exhibit A-2; Case No. 15-80791, ECF No. 51.
[12] Trustee's Exhibit A-2.
[13] Id.
[14] Case No. 15-80791, ECF No. 116.
[15] Trustee's Exhibit D-3.
[16] Case No. 20-81104, ECF No. 8.
[17] Case No. 20-81104, ECF No. 15.
[18] Trustee stated that her final payment was made after the case had been dismissed and was returned to her.

2021 in which Mason promised to resume monthly plan payments of $1,000 each, and to cure her delinquent payments by March 31, 2022.[19] Payments were regularly made during Charlotte's illness, and five payments were made after Charlotte's death. However, Mason failed to cure her delinquencies and the case was dismissed on April 27, 2022.[20]

The Trustee estimated that since Mason executed her mortgage in 2000, there were 270 monthly mortgage payments due through August of 2022 when she filed this case. Of those 270 payments, Mason made only ten payments outside of her bankruptcy cases. What began as a $44,000 mortgage loan balance in 2000 has grown to a $100,000 loan balance in 2022. Once she exited bankruptcy in 2018, she did not make another mortgage payment until she filed her next case in 2020. Trustee advised the Court that in his thirty years as a chapter 13 Trustee, Mason is only the second debtor he does not believe should be granted an extension of the automatic stay. Trustee acknowledged that Mason's willingness to implement automatic drafts from her bank account to make plan payments and the possibility that OPM may eventually make payments from her pension pursuant to the Wage Order makes it more likely that she can be successful in this case.

## Conclusions of Law

Where a debtor had a previous case pending that was dismissed during the twelve months prior to the filing of the current case, the automatic stay is limited to thirty days from the petition date of the new case. 11 U.S.C. §362(c)(3)(A). The stay can be extended beyond thirty days by motion but only if the party seeking the extension can demonstrate that the filing of the new case is in good faith as to the creditors to be stayed. 11 U.S.C. §362(c)(3)(B). By statute, debtors

---

[19] Mason's Exhibit 4; Case No. 20-81104, ECF No. 48.
[20] Case No. 20-81104, ECF No. 50.

seeking an extension of the stay beyond thirty days as to all creditors are presumed to have not filed the case in good faith if any of the circumstances exist as identified in 11 U.S.C. §362(c)(3)(C)(i). Circumstances giving rise to the presumption in this case are that Mason's previous case was dismissed for failure to perform the terms of her confirmed plan and that there has not been a substantial change in the financial or personal affairs of Mason since dismissal of the previous case. 11 U.S.C. §362(c)(3)(C)(i)(II) and (III). To prevail on her Motion, Mason must rebut the presumption by clear and convincing evidence. 11 U.S.C. §362(c)(3)(C). *See In re Rodriguez,* 487 B.R. 275 (Bankr. D.N.M. 2013); *In re Montoya*, 333 B.R 449, 457-58 (Bankr. D. Utah 2005) citing *In re Gier*, 986 F.2d 1326 (10th Cir. 1993).

An analysis of a motion to extend the automatic stay is based upon the totality of the circumstances. *In re Galanis,* 334 B.R. 685 (Bankr. D. Utah 2005). This encompasses factors such as the timing of the petition, how the debts arose, the debtor's motive in filing the petition, how debtor's actions affected creditors, why debtor's prior case was dismissed, the likelihood that debtor will have steady income throughout this case and be able to properly fund a plan, and whether the Trustee or other creditors object to the extension. *Id.* at 693.

The majority of factors weigh against granting the motion. Mason filed this case within four months of dismissal of her prior case, explaining that she did so to avoid foreclosure. This has been her reason for filing each of her bankruptcy cases. She continues to neglect the payment of her mortgage and her state taxes. Although she made some plan payments voluntarily in her previous case, she did not make any mortgage payments after dismissal of that case, according to the proof of claim filed by the mortgage creditor in this case.[21] She seeks this Court's assistance once again to avoid the consequences of not paying her mortgage. Her actions in repeated filings

---

[21] Amended Proof of Claim filed by Equity Financial, LLC, Claim 3, filed September 9, 2022.

prejudice her mortgage company by interrupting its foreclosure process and increasing her debt secured by property that is worth significantly less than what she owes. Her previous case was dismissed because she did not comply with the terms of her confirmed plan. Although Mason stated that dismissal was due to her inability to manage her finances due to her daughter's death, the evidence does not support that view since she made several payments thereafter. Nor does the evidence of emergency roof repairs from 2019 or 2020 support her claims regarding dismissal as they were incurred prior to or during the early stages of her prior case and before her plan was confirmed on February 11, 2021. These are not the actions of a debtor who has filed a new case in good faith. Moreover, the Trustee opposes this motion based upon Mason's track record in previous cases and his experience in administering her cases. The Court notes that he rarely opposes such motions, which indicates grave concerns regarding this debtor's conduct and lack of good faith in pursuing this case.

There are factors which weigh in favor of this motion. Unlike many debtors in this district, Mason has sufficient regular income to make plan payments. Lack of income has never been a reason for her failure to pay her mortgage or her plan payments. The Wage Order and authorization of automatic payments increase the likelihood that she can confirm a plan and make her plan payments on a regular basis. She has demonstrated some ability to make payments without her daughter's assistance, which provides some evidence that things may be different in this case. Mason managed to pay for emergency repairs to her roof, but those expenses were incurred at least two years ago. The timing of that event seems too remote to explain why she was unsuccessful making plan payments in her previous case.

There is no question that Mason's previous case was dismissed for failure to perform the terms of her confirmed plan, giving rise to a presumption that this case was not filed in good faith.

Further, the Court concludes that neither the roof expense nor Charlotte's death indicate a substantial change in circumstances sufficient to rebut the presumption by clear and convincing evidence. Based on the totality of circumstances and analysis of the factors cited above, the Court concludes that Mason has not met her burden of proof by clear and convincing evidence, and has failed to provide sufficient evidence to justify this Court granting an extension of the automatic stay. Although Mason has not satisfied the standard required to extend the stay, the practical impact of this Court's ruling will be limited if she is able to confirm a plan and maintain her obligations under that plan. Once confirmed, her mortgage creditor will be bound by the terms of her plan, even in the absence of a stay, so long as Mason complies with the plan terms. 11 U.S.C. § 1327(a).

## Order

IT IS THEREFORE ORDERED that Debtor's Motion to Extend the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(B) (Docket Entry 6) is hereby **denied.**

###

Case 22-80414   Doc 33   Filed 10/11/22   Entered 10/11/22 12:34:54   Desc Main
Document    Page 9 of 9